**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JUSTIN ASHLEY ROHRBAUGH,** )<br>**45855 Carlisle Road,** )<br>**Lisbon, OH 44432,** ) | |
| ) | **COMPLAINT FOR DECLARATORY** |
| **Plaintiff-husband,** ) | **AND INJUNCTIVE RELIEF** |
| ) | |
| **OLGA LETICIA GARCIA MARROQUIN** ) | **CIVIL ACTION NO. _____** |
| **DE ROHRBAUGH,** ) | |
| **45855 Carlisle Road,** ) | **ALIEN NO.:  A207903241** |
| **Lisbon, OH  44432,** ) | |
| ) | **AGENCY CASE NUMBERS:** |
| **Plaintiff-wife,** ) | |
| ) | **GTM2015786009; EL215289258US;** |
| **v.** ) | **AA0068J9TY; EAC-15-906-42543** |
| ) | |
| **MICHAEL R. POMPEO, Secretary of** ) | **REQUEST FOR ORAL ARGUMENT** |
| **State, U.S. Department of State, in his** ) | |
| **official capacity as well as his** ) | |
| **successors and assigns, c/o** ) | |
| **Executive Office of the Office of the** ) | |
| **Legal Adviser,** ) | |
| **600 19th Street, NW,** ) | |
| **Suite 5.600,** ) | |
| **Washington, D.C.  20522,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **JOHN J. SULLIVAN, Deputy Secretary** ) | |
| **of State, U.S. Department of State, in** ) | |
| **his official capacity as well as his** ) | |
| **successor and assigns, c/o Executive** ) | |
| **Office of the Office of the Legal** ) | |
| **Adviser,** ) | |
| **600 19th Street, NW,** ) | |
| **Suite 5.600,** ) | |
| **Washington, D.C.  20522,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **CARL C. RISCH, Assistant Secretary,** ) | |
| **Consular Affairs, U.S. Department of** ) | |
| **State, in his official capacity as well** ) | |
| **as his successors and assigns, c/o** ) | |
| **Executive Office of the Office of the** ) | |
| **Legal Adviser,** ) | |
| **600 19th Street, NW,** ) | |
| **Suite 5.600,** ) | |

Washington, D.C.  20522                    )
                                           )
          and                              )
                                           )
JENNIFER GILLIAN NEWSTEAD,                 )
Legal Adviser, U.S. Department of          )
State, in her official capacity as well    )
as her successors and assigns, c/o          )
Executive Office of the Office of the      )
Legal Adviser,                             )
600 19ᵗʰ Street, NW,                        )
Suite 5.600,                               )
Washington, D.C.  20522,                    )
                                           )
          and                              )
                                           )
KIMBERLY BREIR, Assistant                  )
Secretary, Bureau of Western               )
Hemisphere Affairs, U.S. Department        )
of State, in her official capacity as      )
well as her successors and assigns,        )
c/o Executive Office of the Office of       )
Legal Adviser,                             )
600 19ᵗʰ Street, NW,                        )
Suite 5.600,                               )
Washington, D.C.  20522,                    )
                                           )
          and                              )
                                           )
KIRSTJEN M. NIELSEN, Secretary,            )
U.S. Department of Homeland                )
Security, in her official capacity as      )
well as her successors and assigns,        )
c/o Office of the General Counsel,         )
245 Murray Lane, S.W.,                     )
Building 410,                              )
Washington, D.C.  20528,                    )
                                           )
          and                              )
                                           )
WILLIAM P. BARR, Attorney General          )
of the United States, in his official      )
capacity as well as his successors         )
and assigns,                               )
U.S. Department of Justice,                )
950 Pennsylvania Avenue, N.W.,             )
Washington, D.C. 20530,                    )
                                           )
          and                              )
                                           )
L. FRANCIS CISSNA,  Director, U.S.         )

**Department of Homeland Security, U.S. Citizenship and Immigration Services, in his official capacity, as well as his successors and assigns, 20 Massachusetts Avenue, N.W., Washington, D.C. 20529,**                    )
)
)
)
)
)
)
)
)

and                    )
)

**LUIS E. ARREAGA, U.S. Ambassador to Guatemala, U.S. Department of State, in his official capacity as well as his successors and assigns, c/o Executive Office of the Office of the Legal Adviser, 600 19th Street, NW, Suite 5.600, Washington, D.C.  20522,**                    )
)
)
)
)
)
)
)
)
)
)

and                    )
)

**DAVID HODGE, Deputy Chief of Mission, U.S. Embassy in Guatemala, U.S. Department of State, in his official capacity as well as his successors and assigns, c/o Executive Office of the Office of the Legal Adviser, 600 19th Street, NW, Suite 5.600, Washington, D.C.  20522,**                    )
)
)
)
)
)
)
)
)
)
)
)

and                    )
)

**KENT BROKENSHIRE, Chief of the Consular Section, U.S. Embassy in Guatemala, U.S. Department of State, in his official capacity as well as his successors and assigns, c/o Executive Office of the Office of the Legal Adviser, 600 19th Street, NW, Suite 5.600, Washington, D.C.  20522,**                    )
)
)
)
)
)
)
)
)
)
)
)

and                    )
)

**PAULINE N. KASTNER, Immigrant Visa Chief, U.S. Embassy in Gautemala, U.S. Department of State, in her official capacity as well**                    )
)
)
)
)

**as her successors and assigns,                    )**
**c/o Executive Office of the Office of           )**
**the Legal Adviser,                                      )**
**600 19th Street, NW,                                  )**
**Suite 5.600,                                              )**
**Washington, DC 20529,**

       **Defendants.**

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs Justin A. Rohrbaugh ("Plaintiff-husband") and Olga Leticia Garcia Marroquin de Rohrbaugh ("Plaintiff-wife"), through their undersigned counsel, allege as follows:

### I. INTRODUCTION

1.      Plaintiffs met in 2014 in Scio, Ohio, and began dating.  Plaintiff-husband proposed to Mrs. Rohrbaugh during a visit to Luray Caverns in northern Virginia.  The couple married on February 28, 2015, and sought legal advice about Plaintiff-wife's immigration status.  The couple established a life for themselves and followed established U.S. immigration procedures to gain Plaintiff-wife lawful permanent residence in the U.S.

2.      Part of the established U.S. immigration procedure required Plaintiff-wife to file a Form I-601A Application for Provisional Unlawful Presence Waiver, which was approved by the U.S. Citizenship and Immigration Services ("USCIS") on June 7, 2016.

3.      Based on this USCIS I-601A approval, Plaintiff-wife departed the U.S. and applied for her immigrant visa at the U.S. Embassy in Guatemala City, Guatemala ("U.S. Embassy").

4.      During her interview for her immigrant visa at the U.S. Embassy, Plaintiff-wife was asked about her family members and her two brothers who she obtained custody over in an effort to help them gain lawful permanent residence in the U.S.  This information was previously disclosed to USCIS in Plaintiff-wife's I-601A application.

5.      The Consular Officer who conducted Plaintiff-wife's immigrant visa interview made an illegal determination of inadmissibility pursuant to 8 U.S.C. §1182(a)(6)(E), and entered this finding into the relevant U.S. government databases, rendering Plaintiff-wife permanently

inadmissible to the U.S. as a "human smuggler."  The Consular Officer then used this finding as the basis to deny Plaintiff-wife's immigrant visa application.

6.      This civil action seeks judicial review and challenges Defendants' action in arbitrarily and unlawfully making a determination of inadmissibility against Plaintiff-wife pursuant to 8 U.S.C. §1182(a)(6)(E) and denying her immigrant visa application.

7.      The Administrative Procedure Act ("APA") requires that administrative agencies not adjudicate matters presented to them in an "arbitrary or "capricious" manner "in excess of statutory jurisdiction, authority, or limitations, or shot of statutory right," "without observance of procedure required by law" or where "unsupported by substantial evidence."  5 U.S.C. §706(2).

8.      This action seeks injunctive and declaratory relief to compel the U.S. Department of State ("DOS") to withdraw or remove the finding of inadmissibility made pursuant to 8 U.S.C. §1182(a)(6)(E) made against Plaintiff-wife.  The APA provides that a person adversely affected by agency action is entitled to judicial review.  *See* 5 U.S.C. §702.  The APA provides an individual a basis to sue a federal agency where Congress has not specifically provided such a basis anywhere else in the law.  *See Bennett v. Spear*, 520 U.S. 154, 175 (1997) (stating that 5 USC §704 provides a cause of action for all "final agency action for which there is no other adequate remedy in a court.")

9.      Plaintiffs have made inquiries with the Department of State regarding its action in entering an 8 U.S.C. §1182(a)(6)(E) finding of inadmissibility, without success.  Plaintiffs noted agency errors in their appeal of this decision, but Defendant DOS refused to disturb the finding.

10.     As a result, Plaintiff-wife suffers the hardships of unreasonably and unlawfully being deprived of admission to and lawful permanent residency in the United States, as detailed further herein.  Plaintiff-husband is deprived of the company and support of his wife, until such time as she is issued a visa to enter the United States.

11.     The Department of State's finding that Plaintiff-wife is inadmissible under 8 U.S.C.

§1182(a)(6)(E) was arbitrary and capricious.

12.    Plaintiffs seek an order from this Honorable Court directing Defendants to complete all necessary steps to withdraw the 8 U.S.C. §1182(a)(6)(E) finding of inadmissibility within thirty (30) days from an Order of this Court.

13.    Plaintiffs are entitled to attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. §504 and 28 U.S.C. §2412(d), *et seq*.

## II.  JURISDICTION

14.    This Honorable Court has subject matter jurisdiction over the claims alleged in this action under: (1) 28 U.S.C. §1331 (federal question jurisdiction), because Plaintiffs' claims arise under the laws of the United States, including 5 U.S.C. §§555 and 701, *et seq*. (APA), 8 U.S.C. §1101 *et seq*. (INA) (including 8 U.S.C. §1182).  This court may grant relief in this action under 5 U.S.C. §§553, *et seq*. and §§701 *et seq*. (APA); and 28 U.S.C. §§2201, *et seq*. (Declaratory Judgment Act).

15.    This Honorable Court is not deprived of jurisdiction by 8 U.S.C. §1252, INA §242. *See*, e.g., *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (finding that INA §242 does not bar a claim challenging agency authority that does not implicate discretion).   Generally, a narrower construction of jurisdiction-stripping provision is favored over the broader one, as reflected by the "familiar principle of statutory construction: the presumption favoring judicial review of administrative action." *Kucana v. Holder*, 130 U.S. 827, 839 (2010).  Absent "clear and convincing evidence" of congressional intent specifically to eliminate review of certain administrative actions, the above-cited principles of statutory construction support a narrow reading of the jurisdiction-stripping language of 8 U.S.C. §1252(a)(2)(B)(ii).  *Id.*, at 839.  *See also*, *Geneme v. Holder*, 935 F.Supp.2d 184, 192 (D.D.C. 2013) (discussing *Kucana's* citation to a presumption favoring judicial review of administrative action when statute does not specify discretion.)

16.    8 U.S.C. §1252(a)(5), INA §242(a)(5), provides that "a petition for review filed with

an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]"  As the present action is not an action to review a removal order but an action challenging a decision by the Defendants to enter and not withdraw a finding of inadmissibility pursuant to 8 U.S.C. §1182(a)(6)(E), which finding was arbitrary, capricious, and contrary to law and settled agency practice, this Honorable Court retains original jurisdiction under the APA and 28 U.S.C. §1331, as well as for declaratory relief under 28 U.S.C. §2201.

17.     The statutory provision authorizing the Department of State to make findings of inadmissibility nowhere specifies that the agency's decision is "in the discretion" of the Secretary of the Department of State, Secretary of the Department of Homeland Security, or the Attorney General.  The authority to enter a finding pursuant to 8 U.S.C. §1182(a)(6)(E) is not specified by statute to be discretionary.

18.     The Supreme Court of the United States of America has held that the APA embodies "a basic presumption of judicial review."  *Abbott Laboratories v. Gardner*, 387 U.S. 136, 140 (1967)  "[O]nly upon a showing of 'clear and convincing evidence' of a contrary legislative intent should the courts restrict access to judicial review."  *Id.* at 141.

### III.  VENUE

19.     Venue is properly with this Court, pursuant to 28 U.S.C. §1391(e)(1), because:

a.  Defendant Secretary Michael R. Pompeo is an officer of the Department of State ("DOS") and is responsible for the operation of the DOS (and its various U.S. Embassies and Consulates located throughout the world), which is headquartered in the District of Columbia. Defendant Pompeo performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

b.  Defendant Deputy Secretary of State John J. Sullivan is an officer of the Department of State and is responsible for the operation of DOS, which is headquartered in the

District of Columbia.  Defendant Sullivan performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

c.   Defendant Assistant Secretary Carl C. Risch is an officer of the Department of State and is responsible for DOS Consular Affairs, and he is based at the DOS headquarters in the District of Columbia.  Defendant Risch performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

d.   Defendant Jennifer Gillian Newstead is an officer of the Department of State and is responsible for the operation of the DOS, which is headquartered in the District of Columbia.  Defendant Newstead performs a significant amount of her official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

e.   Defendant Assistant Secretary Kimberly Breir is an officer of the Department of State and is responsible for the DOS' Bureau of Western Hemisphere Affairs, and is based out of the DOS headquarters in the District of Columbia.   Defendant Breir performs a significant amount of her official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

f.   Defendant Secretary Kirstjen M. Nielsen is an officer of the Department of Homeland Security ("DHS") and is responsible for the operation of the DHS and its sub-agency USCIS, which are both headquartered in the District of Columbia.  Defendant Nielsen performs a significant amount of her official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

g.   Defendant Attorney General Willian K. Barr is an officer of the Department of Justice ("DOJ"), which is headquartered in the District of Columbia. Defendant Barr performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

h. Defendant L. Francis Cissna is an officer of the DHS and is the Director of the USCIS, which is headquartered in the District of Columbia. Defendant Cissna performs a significant amount of his official duties in the District of Columbia and reside, for purposes of venue, within the District of Columbia;

i. Defendant Ambassador Luis E. Arreaga is an officer of the Department of State and is responsible for DOS operations in and diplomacy with Guatemala.

j. Defendant David Hodge is an officer of the Department of State and is responsible for DOS operations in Guatemala.

k. Defendant Kent Brokenshire is an officer of the Department of State and is responsible for DOS consular operations in Guatemala.

l. Defendant Pauline N. Kastner is an officer of the Department of State and is responsible for DOS immigrant visa operations in Guatemala.

m. A substantial part of the events or omissions giving rise to Plaintiffs' Complaint occurred within the offices of the DOS, DHS, and USCIS, which are all headquartered in the District of Columbia; and

n. Judicial economy and the interests of justice warrant that Plaintiffs' action be brought and decided in the District of Columbia, because the above-listed U.S. Government Defendants perform a significant amount of their official duties, and their agencies are all located, within the jurisdiction of this Honorable Court, or are subject to the direction of their Agency Director who is similarly located within the District of Columbia.[1]

---

[1] Courts in this district have held that, "[w]hen an officer or agency head performs a 'significant amount' of his or her official duties in the District of Columbia, the District of Columbia is a proper place for venue." *Dehaemers v. Wynne*, 522 F. Supp. 2d 240, 248 (D.D.C. 2007) (citing *Jyachosky v. Winter*, 2006 U.S. Dist. LEXIS 44399 at 12 (D.D.C. June 29, 2006) (citing *Bartman v. Cheney*, 827 F.Supp. 1, 1 (D.D.C. 1993) (holding that the Secretary of Defense resides in Washington, D.C. for purposes of 28 U.S.C. §1391(e))).

## IV.  PARTIES

20.     Plaintiff-husband, Justin Ashley Rohrbaugh, is an adult individual who is a citizen of the United States.  He resides at 45855 Carlisle Road, Lisbon, OH 44432.  *See* Affidavit of Justin A. Rohrbaugh, dated May 10, 2017, a copy of which is attached and incorporated hereto as Exhibit A.

21.     Plaintiff-wife, Olga Leticia Garcia Marroquin de Rohrbaugh, is an adult who is a citizen of Guatemala.  She resides in Guatemala now but intends to return to the U.S. and to reside with her husband, Justin Rohrbaugh.  See, Affidavit of Olga Rohrbaugh, dated July 26, 2017, a copy of which is attached and incorporated hereto as Exhibit B.

22.     Michael R. Pompeo is the Secretary of State and this action is brought against him in his official capacity only, as well as his successors and assigns.  He is charged with overseeing the DOS, which includes U.S. Embassy and U.S. Consulate operations worldwide.  He is further authorized to delegate certain powers and authority to subordinate employees of DOS.  DOS is headquartered at 2201 C Street, N.W., Washington, DC 20520.

23.     John J. Sullivan is a Deputy Secretary of State and this action is brought against him in his official capacity only, as well as his successors and assigns.  He is charged with serving as the principal deputy, adviser, and alter ego to the Secretary of State, including serving as Acting Secretary of State in the Secretary of DOS' absence.  He assists the Secretary of DOS in the formulation and conduct of U.S. foreign policy and in giving general supervision and direction to all elements of the DOS.  He is authorized to delegate certain powers and authority to subordinate employees of DOS.  DOS is headquartered at 2201 C Street, N.W., Washington, DC 20520.

24.     Carl C. Risch is the Assistant Secretary of State for Consular Affairs and this action is brought against him in his official capacity only, as well as his successors and assigns.  He is charged with overseeing the consular operations within DOS.  He is authorized to delegate certain powers and authority to subordinate employees of DOS.  DOS is headquartered at 2201 C Street, N.W., Washington, DC 20520.

25.     Jennifer Gillian Newstead is the Legal Adviser within the DOS and this action is brought

against her in her official capacity only, as well as her successors and assigns. She is charged with providing advice to the DOS on all legal issues, domestic and international, which arise in the course of DOS operations. She is authorized to delegate certain powers and authority to subordinate employees of DOS. DOS is headquartered at 2201 C Street, N.W., Washington, DC 20520.

26.     Kimberly Breir is the Assistant Secretary of State for the Bureau of Western Hemisphere Affairs, and this action is brought against her in her official capacity only, as well as her successors and assigns. She is charged with managing and promoting U.S. interests in the region by supporting democracy, trade, and sustainable economic development, among other initiatives. She is authorized to delegate certain powers and authority to subordinate employees of DOS. DOS is headquartered at 2201 C Street, N.W., Washington, DC 20520.

27.     Kirstjen M. Nielsen is the Secretary of the DHS and this action is brought against her in her official capacity only, as well as her successors and assigns. She is charged with overseeing the DHS, which includes sub-agency USCIS, and with implementing the INA. She is further authorized to delegate certain powers and authority to subordinate employees of the USCIS, which is an agency within the DHS. DHS is headquartered at 245 Murray Lane, S.W., Washington, DC 20598.

28.     William P. Barr is the Attorney General of the United States and this action is brought against him in his official capacity only, as well as his successors and assigns. He is charged with certain functions involved in the implementation of the INA, and is further authorized to delegate such powers and authority to subordinate employees of the FBI, which is an agency within the U.S. Department of Justice. The DOJ is headquartered at 950 Pennsylvania Avenue, N.W., Washington, DC 20530.

29.     L. Francis Cissna is the Director of the USCIS, who is named herein only in his official capacity, as well as his successors and assigns. He is generally charged with the implementation of the INA, and is further authorized to delegate certain powers and authority to subordinate employees of the USCIS. USCIS is specifically assigned the adjudication of I-485

Applications.   USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, DC 20529.

30.     Luis E. Arreaga is the U.S. Ambassador to Guatemala and an official within DOS, who is named herein only in his official capacity, as well as his successors and assigns. Ambassador Arreaga represents the interests and policies of the United States in Guatemala. Ambassador Arreaga is the highest-ranking representative of the Executive Branch to Guatemala. The adjudication of immigrant visas to the United States fall within DOS operations in Guatemala, in coordination with the DOS in Washington, DC.  DOS is headquartered at 2201 C Street, N.W., Washington, DC 20520.

31.     David Hodge is the Deputy Chief of Mission at the U.S. Embassy in Gautemala, and an officer of DOS, who is named herein only in his official capacity, as well as his successors and assigns.  Mr. Hodge is the number-two diplomat assigned to the U.S. Mission in Guatemala. He is responsible for all operations of the U.S. Embassy in Guatemala City, Guatemala, including consular operations and the issuance of visas.  The adjudication of nonimmigrant and immigrant visas is coordinated with the DOS in Washington, DC.  DOS is headquartered at 2201 C Street, N.W., Washington, DC 20520.

32.     Kent Brokenshire is the Chief of the Consular Section at the U.S. Embassy in Gautemala, and an officer of DOS, who is named herein only in his official capacity, as well as his successors and assigns.  Mr. Brokenshire is charged with facilitating travel to the U.S. for legitimate visa applicants.  The U.S. Embassy in Guatemala maintains a website that has a page devoted to the Mission's Consular Section, and states that, "At all times, we strive to provide quality service consistent with U.S. laws and regulations."  The adjudication of nonimmigrant and immigrant visas is coordinated with the DOS in Washington, DC.  DOS is headquartered at 2201 C Street, N.W., Washington, DC 20520.

33.     Pauline N. Kastner is the Immigrant Visa Chief of the U.S. Embassy in Guatemala, and an officer of DOS, who is named herein only in her official capacity, as well as her successors

and assigns.  Ms. Kastner is charged with overseeing the adjudication of immigrant visas at the U.S. Embassy in Guatemala City, Guatemala.  The adjudication of immigrant visas is coordinated with the DOS in Washington, DC.  Plaintiff-wife applied for her immigrant visa at the U.S. Embassy in Guatemala.  Ms. Kastner reviewed the decisions to make a finding under INA 212(a)(6)(E) against Plaintiff-wife, and to deny her an immigrant visa, and communicated with officials at the DOS in Washington, DC about an appeal of these decisions.  DOS is headquartered at 2201 C Street, N.W., Washington, DC 20520.

## V.  STATEMENT OF FACTS

**A.     Process to Become a Lawful Permanent Resident**

34.     An alien residing in the U.S. must complete a multi-step process to become a lawful permanent resident (LPR) based on a marriage to a U.S. citizen.

35.     First, a sponsoring U.S. citizen spouse files an I-130 petition with USCIS requesting approval on behalf of a named alien spouse beneficiary.  *See* INA §204(a), 8 USC §1204, 8 CFR §§204.2(a).  An approved I-130 petition is a prerequisite to the approval of an immigrant visa application or application for adjustment of status.  *See* 8 CFR §245.2(a)(2)(i).

36.     Some foreign-national spouses of U.S. citizens are inadmissible and are required to obtain a waiver from the USCIS before they can be approved for permanent residence in the U.S.  Certain immigrant visa applicants who are relatives of U.S. citizens who are present in the U.S. submit their Form I-601A Application for Provisional Unlawful Presence Waiver to USCIS.  If the I-601A waiver is approved, the immigrant visa applicant is forgiven for the grounds of inadmissibility included in the I-601A waiver, which allows them to depart the U.S. and apply for their immigrant visa at the U.S. Embassy in their home country.  *See* DOS Foreign Affairs Manual, 9 FAM 504.2, 9 FAM 501.1-2, and 9 FAM 501.2-2, Immigrant Visa Process, at Exhibit C.1.

37.     Immigrant visa applicants are required to personally appear before a U.S. Consular

Officer who must, "[M]ake every effort to conduct visa interviews fairly and professionally.  Any semblance of aggressive cross-examination, assumption of bad faith, or entrapment must be avoided… In cases where the consular officer's determinations are difficult to make or which are or may become the subject of controversy, the officer must make a thorough and carefully written record of the interview so that the basis for the final action can be fully documented."  *See* 9 FAM 504.7-3, Conducting an Interview, at Exhibit C.2.

38.     If a U.S. Consular Officer denies an immigrant visa application on a basis which cannot be overcome by the presentation of additional evidence, the case should be submitted for Supervisory Review.  The Supervisory Office must review the case and confirm or disagree with the refusal under 22 CFR 42.81(c).

39.     If a visa application is denied, there is no formal appeal process.  Visa applicants and their representatives can send legal questions regarding pending or recently completed visa cases by email to the DOS's Visa Office at LegalNet@State.gov.  *See* 9 FAM 103.4, Visa Office Contact for Legal Issues, at Exhibit C.3.

40.     The determination of inadmissibility under 8 U.S.C. §1182(a)(6)(E) is a final agency action for which there is no other adequate remedy.

41.     The denial of an immigrant visa is a final agency action for which there is no other adequate remedy.

### B.     Case History

42.     Plaintiffs met in 2014 in Scio, Ohio, and began dating.  Plaintiff-husband proposed to Mrs. Rohrbaugh during a visit to Luray Caverns in northern Virginia.  The couple married[2] on February 28, 2015, and sought legal advice about Plaintiff-wife's immigration status.  The couple established a life for themselves and followed established U.S. immigration procedures to gain

---

[2] Plaintiffs' Virginia Certificate of Marriage and Marriage Registration are attached hereto as Exhibit G.

Plaintiff-wife lawful permanent residence in the U.S. *See* Exhibits A and B.

43.     Plaintiff-husband filed his I-130 Petition for an Alien Relative and USCIS approved this I-130 Petition on September 8, 2015.  *See* Exhibit D.

44.     Plaintiff-wife filed her I-601A Application for Provisional Unlawful Presence Waiver on December 11, 2015.  In her I-601A application, Plaintiff-wife described the extreme hardship that Plaintiff-husband would suffer if she was removed to Guatemala.  *See* Exhibit E.

45.     USCIS approved Plaintiff-wife's I-601A application on June 7, 2016.  *See* Exhibit F.

46.     Plaintiff-wife completed all other requirements for her immigrant visa application, and departed the U.S. to attend her immigrant visa interview at the U.S. Embassy in Guatemala City, Guatemala.  *See* Exhibits A and B.

47.     During Plaintiff-wife's immigrant visa interview, the Consular Officer made a determination that Plaintiff-wife was inadmissible to the U.S. under INA §212(a)(6)(E).   The Consular Officer then denied Plaintiff-wife's immigrant visa application.  *See* Exhibits A and B.

48.     Plaintiff-husband emailed Defendant Immigrant Visa Chief Pauline N. Kastner to request a review of the Consular Officer's decision.  Defendant Kastner replied to Plaintiff-husband noting that she had reviewed the decision but would not change it.  *See* Exhibit H.


**C.     Exhaustion of Administrative Remedies**

49.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

50.     The denial of Plaintiff-wife's immigrant visa and finding of inadmissibility under INA §212(a)(6)(E) do not provide any avenue for Plaintiffs to seek the withdrawal or removal of the human smuggling finding.  *See* Exhibits C and H.

## VI.  CLAIMS FOR RELIEF

### Count I

### (Violation by DOS of 5 U.S.C. §555(e), 702, 706(2))

51.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

52.     Plaintiffs are entitled to judicial review under 28 U.S.C. §1331 and 5 U.S.C. §702.

53.     Plaintiffs seek judicial review of the DOS decision to make a finding of inadmissibility pursuant to 8 U.S.C. §1182(a)(6)(C)(i), barring Plaintiff-wife from eligibility for any U.S. immigration benefit, particularly issuance of a visa and the ability to request admission into the United States.

54.     This action arises under the Constitution of the United States; the INA, 8 U.S.C. §1101 *et seq*.; 28 U.S.C. §1331; and the APA, 5 U.S.C. §701 *et seq*.  This Honorable Court has jurisdiction under 5 U.S.C. §703 and 28 U.S.C. §1331, as well as under 28 U.S.C. §2201 and §2202 (relating to the Court's ability to fashion appropriate remedies).  This Court may grant declaratory relief in this action under 28 U.S.C. §2201, *et seq*.  (Declaratory Judgment Act); 5 U.S.C. §701 *et seq*.  (Administrative Procedure Act); and 28 U.S.C. §651, *et seq*.  (All Writs Act).

55.     Defendants' making of this inadmissibility finding without a meaningful review of the evidence available to the DOS Consular Officer is in violation of Plaintiffs' right to due process of law under the Fifth Amendment to the United States Constitution.  This decision is therefore subject to review under 5 U.S.C. §706(2)(D).

56.     Defendants' refusal to withdraw this finding of inadmissibility without a meaningful review of the substantial evidence available to the DOS Consular Officer is in violation of Plaintiffs' right to due process of law under the Fifth Amendment to the U.S. Constitution.  This decision is therefore subject to review under 5 U.S.C. §706(2)(A).

57.     Beyond the arbitrary and capricious nature of Defendants' decision to enter a human smuggling determination against Plaintiff-wife, Plaintiffs also present a pure question of

law.

58.     The INA at 8 U.S.C. §1182(a)(6)(E) provides that "Except as otherwise provided in this chapter, aliens who are inadmissible under the following paragraphs are ineligible to receive visas and ineligible to be admitted to the United States:

> (6)  Illegal entrants and Immigration Violators
>
>> (E) Smugglers
>>
>>> (i) In general
>>>
>>> Any alien who at any time ***knowingly*** has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law is inadmissible.

See 8 U.S.C. §1182(a)(6)(E), emphasis added.

59.     While DOS as an agency is granted broad discretion, this discretion is not unfettered.  See 5 U.S.C. §706.

60.     Defendants are required by 5 U.S.C. §555(e) to provide the reasons for their denial of a request "made in connection with any agency proceeding" in a written statement to Plaintiff-wife.

61.     Defendants cannot ignore or discount evidence in the administrative record without a rational basis.   Nor can the agency ignore or discount the absence of evidence in the administrative record without a rational basis.  If it follows either course, such action is considered arbitrary and capricious and is considered an abuse of discretion.  See 5 U.S.C. §706.

> a.  "[A]n agency's refusal to consider evidence bearing on the issue before it constitutes arbitrary action within the meaning of §706."  Butte County v. Hogen, 613 F.3d 190 (D.C. Cir. 2010).
>
> b.  "[S]ince the statute makes motive critical, he [the alien found subject to 8 U.S.C. §1182(a)(6)(E)] must provide some evidence of it, direct or circumstantial."  INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992).  There must be some evidentiary basis

for DOS to conclude that the person is inadmissible under 8 U.S.C. §1182(a)(6)(E). *See* 9 FAM 302.9-7(B)(3), Alien Must Act "Knowingly", at Exhibit C.4, page 20.

62.     According to the DOS's Foreign Affairs Manual, "A key element of … INA 212(a)(6)(E) … is that the "smuggler" (e.g., an alien who is attempting to assist or assisting another alien) **must act "knowingly" to encourage, induce, or assist** an alien to enter the United States in violation of law.   In other words, in order to find an alien ineligible under this provision, **the consular officer must find that the "smuggler" is or was aware of sufficient facts** such that a reasonable person in the same circumstances would conclude that his or her encouragement, inducement, or assistant could result in the entry of the alien into the United States in violation of law.   Further, **the "smuggler" must act with intention of encouraging, inducing, or assisting the alien to achieve the entry in violation of law."**   *See* Exhibit C.4 at page 20.

63.     A person cannot "knowingly assist" an alien to illegally enter unless he or she engages in "an affirmative and illicit act of assistance in shepherding someone across the border." *See Tapucu v. Gonzales*, 399 F.3d 736 (6th Cir. 2005).   *See also Singh v. Mukasey*, 553 F.3d 207, 214-16 (2d Cir. 2009) (DHS failed to prove alien smuggling where an Immigration Judge's credibility determination was reversed and a statement taken at the Canadian border was suppressed as unreliable)

64.     To make a finding that Plaintiff-wife is inadmissible under 8 U.S.C. §1182(a)(6)(E), the Defendants are required to find that she "engaged in an affirmative and illicit act of assistance in shepherding someone" across a U.S. border.  *See Tapucu v. Gonzales*, 399 F.3d 736 (6th Cir. 2005)

65.     In *Altamirano v. Gonzales*, 427 F.3d 586 (9th Cir. 2005), the U.S. Court of Appeals found that a passenger in a car, who had knowledge that someone was hiding in the trunk of the car, was not inadmissible under Section 212 §212(a)(6)(E) of the INA because she did not perform any affirmative act to aid or abet the alien smuggling.  Id.

66.     In Defendant USCIS's <u>Adjudicator's Field Manual</u> 40.6[3], there are four examples of affirmative acts that may warrant a smuggling finding under Section §212(a)(6)(E) of the act:

a.  Offering a job to an alien under circumstances that make clear that the alien will have to enter [the U.S.] illegally to accept the job offer;

b.  Physically transporting or bringing the alien across the [U.S.] border;

c.  Making a false written or oral statement on behalf of another alien at the time of entry; or

d.  Filing an immigrant or nonimmigrant visa petition for an alien, knowing that the alien does not have the necessary qualifying relationship to the individual (for a family-based petition) or (for an employment-based petition) that the petition does not rest on a bona fide job offer, investment plan, or other set of circumstances that qualifies the alien for the immigrant or nonimmigrant classification that is sought.

67.     In *Spencer Enterprises, Inc. v. U.S.A.*, 345 F.3d 683, 688 (9ᵗʰ Cir. 2003), the court determined that the statute setting forth eligibility requirements for employment based investor visas provided a standard to measure USCIS's decision of whether to approve a preference petition for such a visa.  As such, the court found that there was law to apply and that there could be judicial review under the APA.  *Id.*

68.     Similarly, the court in *Pinho v. Gonzales*, 432 F.3d 193, 204 (3ʳᵈ Cir. 2005), found that under the APA, the court could review the denial of an adjustment of status application by Defendant USCIS where the denial was based on a statutory eligibility issue.  The court found that the statute set forth standards for eligibility under which the court could review the agency action.  It distinguished such statutory eligibility issues from denials of adjustment of status

---

[3] The Adjudicator's Field Manual (AFM) is the manual used by USCIS officers detailing the agency's policies and procedures.  USCIS is slowly replacing the AFM with a new Policy Manual, but has not yet replaced its guidance on 8 U.S.C. §1182(a)(6)(E).  See, USCIS Policy Manual, Volume 8 – Admissibility, at Exhibit C.6.

applications in the exercise of discretion. *Id.  See also Shah v. Chertoff*, No. 3:05-CV-1608-BH (K) ECF, 2006 U.S. Dist. LEXIS 73754, *28 (N.D. Tex. 2006) (finding that the issue subject to APA review was the question of eligibility for an extension of an L-1A visa – for which there were statutory guidelines to apply – and not the discretionary denial of such an extension.)

69.     Defendant DOS and the Consular Officer who conducted Plaintiff-wife's immigrant visa interview have not identified any "affirmative and illicit act" that she is alleged to have performed that is the basis of the INA §212(a)(6)(E) finding made against her.

70.     The documents that Plaintiffs received from Defendants failed to confirm that the human smuggling finding could be or was lawfully entered by Defendants.

71.     The DOS decision that Plaintiff-wife committed an affirmative and illicit act that qualifies under INA §212(a)(6)(E) was an arbitrary and capricious decision and not supported by substantial evidence in the record.  5 U.S.C. §706(2)(A) and (E).

72.     The DOS decision that Plaintiff-wife ***knowingly*** encouraged, induced, assisted, abetted, or aided any alien to enter the United States in violation of the law was arbitrary and capricious and not supported by substantial evidence in the record.  5 U.S.C. §706(2)(A) and (E).

73.     Defendant DOS's arbitrary and capricious conduct in making a smuggling finding against Plaintiff-wife has caused, and is causing, Plaintiffs ongoing and substantial injuries.


**Count II**

**(Violation of the U.S. Constitution, 5th Amend., Due Process Clause)**

74.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

75.     Defendants' actions in determining that Plaintiff-wife is ineligible for admission to the U.S. pursuant to 8 U.S.C. §1182(a)(6)(E) as described above constitute a deprivation of liberty without a meaningful review of the substantial evidence by the DOS Consular Officer, Immigrant Visa Chief, and Visa Office, in violation of Plaintiffs' right to due process under the Fifth

Amendment to the U.S. Constitution.

76.     Defendants' decision to not remove or withdraw the 8 U.S.C. §1182(a)(6)(E) finding against Plaintiff-wife constitutes a deprivation of liberty without a meaningful review of substantial evidence by the DOS Consular Officer, Immigrant Visa Chief, and Visa Office, in violation of Plaintiffs' right to due process under the Fifth Amendment to the U.S. Constitution.

77.     Defendant DOS's arbitrary and capricious conduct in making and refusing to remove a finding against Plaintiff-wife under 8 U.S.C. §1182(a)(6)(E) has caused, and is causing, Plaintiffs ongoing and substantial injuries.

### Count III

### (Violation of 5 U.S.C. §706(f))

78.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

79.     Defendants' actions in determining that Plaintiff-wife is ineligible for admission to the U.S. pursuant to 8 U.S.C. §1182(a)(6)(E) as described above constitute an unlawful agency action which should be set aside as unsupported by the facts in the administrative record, and this Court should review the record of proceeding *de novo*.  *See* 5 U.S.C. §706(2)(F)

80.     Defendants' decision to not remove or withdraw the 8 U.S.C. §1182(a)(6)(E) finding against Plaintiff-wife constitutes an unlawful agency action which should be set aside as unsupported by the facts in the administrative record, and this court should review the record of proceeding de novo.  *See* 5 U.S.C. §706(2)(F)

81.     Defendant DOS's arbitrary and capricious conduct in making and refusing to remove a finding against Plaintiff-wife under 8 U.S.C. §1182(a)(6)(E) has caused, and is causing, Plaintiffs ongoing and substantial injuries.

## VII.  INJURIES TO PLAINTIFFS

82.     Defendant DOS's conduct described above is causing Plaintiffs substantial harm. Plaintiffs are unable to reside together in the United States and to plan for their future.  *See* Exhibit A.

83.     The DOS's arbitrary and capricious actions are preventing Plaintiff-wife from being admitted into and obtaining LPR status in the United States.  This status would provide Plaintiff-wife with the following benefits:   the right to remain lawfully in the U.S. and not be subject to deportation; the right to work in the United States, and the right to pursue U.S. citizenship through naturalization. *See* Exhibit A.

WHEREFORE, Plaintiffs pray that this Honorable Court:

(1)   Declare that Defendants' actions in making the 8 U.S.C. §1182(a)(6)(E) finding against Plaintiff-wife arbitrary and capricious and in violation of the APA and the INA;

(2)   Compel Defendants Secretary Michael Pompeo, Deputy Secretary John Sullivan, Assistant Secretary of State Carl Risch, Legal Adviser Jennifer Gillian Newstead, Assistant Secretary Kimberly Breir, Deputy Chief of Mission David Hodge, Chief, Consular Section, Kent Brokenshire, and Immigrant Visa Chief Pauline N. Kastner to rescind the human smuggling finding made against Plaintiff-wife;

(3)   Compel Defendants Secretary Michael Pompeo, Deputy Secretary John Sullivan, Assistant Secretary of State Carl Risch, Legal Adviser Jennifer Gillian Newstead, Assistant Secretary Kimberly Breir, Deputy Chief of Mission David Hodge, Chief, Consular Section, Kent Brokenshire, and Immigrant Visa Chief Pauline N. Kastner to re-adjudicate Plaintiff-wife's immigrant visa application in the absence of a finding under 8 U.S.C. §1182(a)(6)(E);

(4)   Compel Defendants to complete all necessary steps and re-adjudicate the subject immigrant visa application within fourteen (14) days of an Order of this Court;

(5)   Grant such other relief as this Court deems proper under the circumstances; and

(6)   Grant attorney's fees, expenses and costs of court to Plaintiffs, pursuant to the EAJA.

Respectfully submitted on this 27th day of February, 2019.

/s/Brian S. Green, Esquire
U.S. District Court Bar # PA86888
SAID & GREEN, PC
5513 Twin Knolls Road, Suite 219
Columbia, MD 21045
Tel:   (410) 992-6602
Fax:  (410) 992-0236

Attorney for Plaintiffs